

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRIMINAL NO. 18-20323

HON. SEAN F. COX

D-1, SEDRICK JACKSON,
    *a.k.a. "Sed," a.k.a. "C Papers,"*
    *a.k.a. "Derrick Johnson"*
D-2, ROBERT HARRIS,
    *a.k.a. "Daddy O," a.k.a. "D.O.,"*
D-3, RONALD CLEMMONS,
D-4, YALEX JOHN GARCIA-LOPEZ,
    *a.k.a. "the Fifth,"*
D-5, IRIDIAN GALVEZ,
D-6, MELTWAINE DUKES,
D-7, DUSHONN SHEPHARD,
D-8, DEJUAN PERDUE,
    *a.k.a. "Cuz,"*
D-9, EDEN ADRIANO-GALVEZ,
    *a.k.a. "Jesus Eden Adriano-Galvez,"*
    *a.k.a. "E," a.k.a. "E Papers,"*
D-10, JOSEPH PULIDO,
    *a.k.a. "Monkey,"*
D-11, CHRISTOPHER GAYTAN,
D-12, MONYCA JACKSON,
D-13, LUZ JIMENEZ,
    *a.k.a. "Chata,"*
D-14, CHRISTOPHER STATON,

    Defendants.
_____/

VIOLATIONS: 21 U.S.C. § 846
              21 U.S.C. § 841(a)(1)
              18 U.S.C. § 924(c)
              18 U.S.C. § 922(g)(1)
              18 U.S.C. § 1001(a)(2)
              18 U.S.C. § 1956(h)

FILED USDC - CLRK DET
2018 OCT 25 PM 4:31

1

## **THIRD SUPERSEDING INDICTMENT**

**THE GRAND JURY CHARGES:**

### **COUNT ONE**
**21 U.S.C. §§ 846 and 841(a)(1)**
**Conspiracy to Possess With Intent to Distribute Controlled Substances**

D-1, SEDRICK JACKSON,
D-2, ROBERT HARRIS,
D-3, RONALD CLEMMONS,
D-4, YALEX JOHN GARCIA-LOPEZ,
D-6, MELTWAINE DUKES,
D-7, DUSHONN SHEPHARD,
D-8, DEJUAN PERDUE,
D-9, EDEN ADRIANO-GALVEZ,
D-10, JOSEPH PULIDO,
D-11, CHRISTOPHER GAYTAN,
D-14, CHRISTOPHER STATON,

1. From an unknown date, but at least as early as 2012, to in or about November 2017, in the Eastern District of Michigan, Southern Division, and elsewhere, defendants, SEDRICK JACKSON, ROBERT HARRIS, RONALD CLEMMONS, YALEX JOHN GARCIA-LOPEZ, MELTWAINE DUKES, DUSHONN SHEPHARD, DEJUAN PERDUE, EDEN ADRIANO-GALVEZ, JOSEPH PULIDO, CHRISTOPHER GAYTAN and CHRISTOPHER STATON knowingly and intentionally conspired and agreed with each other and with other individuals, known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute controlled substances.

2. The amount and type of controlled substances attributable to SEDRICK JACKSON are one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, 400 grams or more of a mixture and substance containing N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide (more commonly known as fentanyl), a Schedule II controlled substance, and five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

3. The amount and type of controlled substances attributable to ROBERT HARRIS are 400 grams or more of a mixture and substance containing N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide (more commonly known as fentanyl), a Schedule II controlled substance.

4. The amount and type of controlled substances attributable to RONALD CLEMMONS are one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

5. The amount and type of controlled substances attributable to YALEX JOHN GARCIA-LOPEZ are one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance,

400 grams or more of a mixture and substance containing N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide (more commonly known as fentanyl), a Schedule II controlled substance, and five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

6. The amount and type of controlled substances attributable to MELTWAINE DUKES are one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, 400 grams or more of a mixture and substance containing N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide (more commonly known as fentanyl), a Schedule II controlled substance, and five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

7. The amount and type of controlled substances attributable to DUSHONN SHEPHARD are 400 grams or more of a mixture and substance containing N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide (more commonly known as fentanyl), a Schedule II controlled substance.

8. The amount and type of controlled substances attributable to DEJUAN PERDUE are one kilogram or more of a mixture and substance containing a

4

detectable amount of heroin, a Schedule I controlled substance.

9. The amount and type of controlled substances attributable to EDEN ADRIANO-GALVEZ are one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, 400 grams or more of a mixture and substance containing N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide (more commonly known as fentanyl), a Schedule II controlled substance, and five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance

10. The amount and type of controlled substances attributable to JOSEPH PULIDO are one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, 400 grams or more of a mixture and substance containing N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide (more commonly known as fentanyl), a Schedule II controlled substance, and five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

11. The amount and type of controlled substances attributable to CHRISTOPHER GAYTAN are one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance,

400 grams or more of a mixture and substance containing N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide (more commonly known as fentanyl), a Schedule II controlled substance, and five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

12. The amount and type of controlled substances attributable to CHRISTOPHER STATON are 400 grams or more of a mixture and substance containing N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl ] propanamide (more commonly known as fentanyl), a Schedule II controlled substance.

## Manner and Means

13. The defendants were part of a drug trafficking organization (DTO) that obtained large quantities of heroin, cocaine, and fentanyl for distribution.

14. It was part of the conspiracy that members of the DTO would add fentanyl to the heroin to increase the potency and quantity (or "stretch") the heroin.

15. It was part of the conspiracy that members of the DTO distributed controlled substances to each other and to other individuals for further sale and, eventually, for use. Law enforcement officers seized some of the controlled substances, including:

(a) On February 17, 2015, law enforcement agents / officers seized approximately six kilograms of cocaine from RONALD CLEMMONS's residence.

(b) On April 6, 2016, law enforcement agents / officers seized approximately 594 grams of heroin sent by U.S. Mail from Scottsdale, Arizona to Southfield, Michigan, that was going to SEDRICK JACKSON and/or RONALD CLEMMONS.

(c) On June 6, 2017, law enforcement agents / officers seized approximately 971 grams of heroin and approximately 305 grams of fentanyl from ROBERT HARRIS's vehicle.

(d) On August 1, 2017, law enforcement agents / officers seized approximately one kilogram of heroin from CHRISTOPHER GAYTAN's luggage.

(e) On September 20, 2017, law enforcement agents / officers seized approximately 800 grams of cocaine from SEDRICK JACKSON's vehicle.

16. It was part of the conspiracy that members of the DTO would transport the controlled substances between locations via commercial airlines, placing the controlled substances in couriers' luggage or by using a "check and miss" technique—i.e., luggage would be checked in to and transported by the air carrier,

7

but the passenger would miss his flight so that another person could retrieve the luggage at the destination city. In addition to these methods, members of the DTO also transported controlled substances by passenger vehicles, some of which contained secret compartments or "traps."

17. It was part of the conspiracy that the sale of controlled substances by members of the DTO generated significant amounts of cash. Members of the DTO would transport cash in the same manner as controlled substances discussed above, i.e., through commercial airline and passenger vehicles. In addition, members of the DTO would also utilize "funnel" bank accounts, e.g., depositing cash from the sale of controlled substances at a Detroit branch of a bank and withdrawing that cash at a Phoenix branch of the same bank soon thereafter.

18. It was part of the conspiracy that members of the DTO would communicate about their drug trafficking activities—including to discuss controlled substances available, prices of controlled substances, and meeting locations for distribution of controlled substances—using cellular telephones. DTO members would frequently speak in coded language, would use cellular telephones subscribed in fictitious and/or nominee names, and would change cellular telephone numbers all in their attempts to thwart law enforcement detection.

19. It was part of the conspiracy that MELTWAINE DUKES and

CHRISTOPHER STATON utilized STATON's position as an officer with the Detroit Police Department to assist the DTO. For instance, STATON provided DUKES with sensitive law enforcement information, including information about the arrest of ROBERT HARRIS on June 6, 2017, and registration information (e.g., owner's name and address) concerning Michigan vehicles.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## COUNT TWO
## 21 U.S.C. § 841(a)(1)
**Possession with Intent to Distribute Cocaine**

D-1, SEDRICK JACKSON

That on or about September 20, 2017, in the Eastern District of Michigan, Southern Division, SEDRICK JACKSON, defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute a controlled substance; namely, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE
## 18 U.S.C. § 924(c)
## Possession of a Firearm in Furtherance of a Drug Trafficking Crime

D-1, SEDRICK JACKSON

On or about September 20, 2017, in the Eastern District of Michigan, Southern Division, SEDRICK JACKSON, defendant herein, did knowingly possess a firearm, namely one Anderson AM-15 rifle, in furtherance of a drug trafficking crime, namely: conspiracy to possess with intent to distribute controlled substances set forth in Count One, and possession with intent to distribute cocaine set forth in Count Two; in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT FOUR
## 18 U.S.C. § 922(g)(1)
## Felon in Possession of Firearms

D-1, SEDRICK JACKSON

On or about September 20, 2017, in the Eastern District of Michigan, Southern Division, SEDRICK JACKSON, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, namely one Anderson AM-15 rifle, that was manufactured outside the state of Michigan and thus traveled in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FIVE
## 21 U.S.C. § 841(a)(1)
## Possession with Intent to Distribute Fentanyl

D-2, ROBERT HARRIS

That on or about June 6, 2017, in the Eastern District of Michigan, Southern Division, ROBERT HARRIS, defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute a controlled substance; namely, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propanamide (more commonly known as fentanyl) in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX
## 21 U.S.C. § 841(a)(1)
## Possession with Intent to Distribute Cocaine

D-3, RONALD CLEMMONS

That on or about February 17, 2015, in the Eastern District of Michigan, Southern Division, RONALD CLEMMONS, defendant herein, did knowingly, intentionally and unlawfully possess with intent to distribute a controlled substance; namely, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN
## 18 U.S.C. § 1001(a)(2)
### False Statement to a Federal Agent

D-14, CHRISTOPHER STATON,

That on or about June 7, 2018, in the Eastern District of Michigan, Southern Division, CHRISTOPHER STATON, defendant herein, did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, by stating to special agents of the Federal Bureau of Investigation that he had not provided any law enforcement information to MELTWAINE DUKES. The statement was false because, as CHRISTOPHER STATON knew, he had previously provided information about the registered owners and the registered addresses of vehicles with Michigan vehicle registrations. All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT EIGHT
## 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), 1956(a)(1)(B)(i)-(ii)
### Conspiracy to Launder Monetary Instruments

D-1, SEDRICK JACKSON,
D-4, YALEX JOHN GARCIA-LOPEZ,
D-5, IRIDIAN GALVEZ,
D-6, MELTWAINE DUKES,
D-9, EDEN ADRIANO-GALVEZ,
D-10, JOSEPH PULIDO,

D-12, MONYCA JACKSON,
D-13, LUZ JIMENEZ,

1. The allegations contained in Count One through Count Seven of this Indictment are hereby incorporated by reference.

2. From an unknown date, but at least by 2012, to in or about November 2017, in the Eastern District of Michigan, and elsewhere, Defendants, SEDRICK JACKSON, YALEX JOHN GARCIA-LOPEZ, IRIDIAN GUADALUPE GALVEZ, MELTWAINE DUKES, EDEN ADRIANO-GALVEZ, JOSEPH PULIDO, MONYCA JACKSON, and LUZ JIMENEZ, knowing that the property involved represented the proceeds of some form of unlawful activity as defined in Title 18, United States Code, Section 1956(c)(1)—that is, the proceeds of activity which constitutes a felony under State, Federal, or Foreign law, including, specifically, proceeds from the distribution of cocaine, fentanyl, and heroin, which is a felony under Title 21, United States Code, Section 841(a)(1)—did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with others, both known and unknown to the Grand Jury, to conduct and/or cause to be conducted one or more financial transactions involving the proceeds of the unlawful activity, with intent to promote the carrying on of the unlawful activity; to conceal and disguise the nature, location, source, ownership and control of the proceeds of the

unlawful activity; and to avoid transaction reporting requirements under federal law.

3. It was a part of the unlawful drug trafficking conspiracy that the purchase, sale, and distribution of large quantities of controlled substances generated significant amounts of cash, which needed to be counted, stored, hidden and used in discrete manner (that is, evading law enforcement detection) in order to continue the conspiracy. During the course of the investigation, law enforcement officers seized some of this cash, including the following:

(a) Five hundred eighty six thousand dollars ($586,000) seized from RONALD CLEMMONS on November 26, 3013;

(b) Two hundred thirteen thousand two hundred eighty five dollars ($213,285) seized from a male courier sent by MELTWAINE DUKES on January 16, 2015;

(c) Forty thousand six hundred sixty five dollars ($40,665) seized from EDEN ADRIANO-GALVEZ on September 14, 2016;

(b) Eighty six thousand two hundred dollars ($86,200) seized from YALEX GARCIA-LOPEZ on September 19, 2017;

(c) Seventeen thousand dollars ($17,000) seized from SEDRICK JACKSON's residence on September 17, 2017;

(d) Twenty three thousand nine hundred eighty ($23,980) seized

14

from a vehicle driven by IRIDIAN GALVEZ on November 28, 2017.

4. As part of the conspiracy, SEDRICK JACKSON, YALEX JOHN GARCIA-LOPEZ, IRIDIAN GUADALUPE GALVEZ, MELTWAINE DUKES, EDEN ADRIANO-GALVEZ, JOSEPH PULIDO, MONYCA JACKSON, and LUZ JIMENEZ and others known and unknown to the Grand Jury, conducted numerous financial transactions involving the proceeds of the sale of controlled substances, making deposits and withdrawals of large amounts of United States currency through numerous bank accounts and making wire transfers in an effort to conceal the source of that currency and to "funnel" the funds from one location and one person to a different location and person. Examples of these accounts / transactions include:

(a) Forty one thousand eight hundred and fifty dollars ($41,850) in cash was deposited between July 2013 and April 2016 into Bank of America account x-0191, an account used by SEDRICK JACKSON and MONYCA JACKSON and others to funnel cash to Phoenix, Arizona;

(b) Ninety nine thousand seven hundred and twenty dollars ($99,720) in cash was deposited between September 2015 and June 2017 into Wells Fargo Bank Checking Account x-7350, an account used by IRDIAN GALVEZ and others to funnel cash to Phoenix, Arizona;

(c) Six thousand dollars ($6,000) in cash was deposited on May 19, 2016 in Romulus, Michigan into J.P. Morgan Chase checking account x-2806, an account used by LUZ JIMENEZ and others, and the same amount was withdrawn on May 23, 2016 in Avondale, Arizona;

(d) Eight hundred dollars ($800) in cash was sent via Western Union by JOSEPH PULIDO, while in Detroit, Michigan on March 18, 2017, to EDEN ADRIANO GALVEZ in Los Mochis, Mexico;

(e) Five hundred dollars ($500) in cash was sent via Western Union by YALEX GARCIA-LOPEZ, while in Dearborn Heights, Michigan on April 26, 2017, to JOSEPH PULIDO in Phoenix, Arizona;

All in violation of Title 18, United States Code, Sections 1956(h), 1956(a)(1)(A)(i), and 1956(a)(1)(B)(i)-(ii).

## FORFEITURE ALLEGATIONS
(18 U.S.C. §§ 924(d)(1) and 982(a)(1),
21 U.S.C. § 853, and 28 U.S.C. § 2461)

1. The allegations contained in Counts One through Nine of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), as incorporated by Title 28 United States Code Section 2461, Title 18, United States

16

Code, Section 982(a)(1), and Title 21, United States Code, Section 853.

2. Upon conviction of any of the Title 21 offenses set forth in Counts One, Two, Five and/or Six of this Indictment, defendants shall forfeit to the United States their interest in the following, pursuant to Title 21, United States Code, Section 853: (1) any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such offense; and/or (2) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

3. Upon conviction of any of the offenses set forth in Counts Three and/or Four of this Indictment, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, the convicted defendants shall forfeit to the United States their interest in any firearm or ammunition involved in or used in any knowing violation of the offenses set forth in Counts Three and Four.

4. Upon conviction of the offense set forth in Count Seven of this Indictment, pursuant to Title 18, United States Code, Section 1956, the convicted defendant shall forfeit to the United States his interest to the following, pursuant to Title 18, United States Code, Section 982(a)(1): any property, real or personal, involved in such offense, or any property traceable to such property.

5. <u>Substitute Assets</u>: Pursuant to Title 21, United States Code,

17

Section 853(p), defendants shall forfeit any of their other property, real or personal, up to the value of property described above, if, by any act or omission of the defendant, the property subject to forfeiture:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred, sold to or deposited with a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty.

6. **Money Judgment.** Upon conviction of one or more violations alleged in this Indictment, the Government will seek a forfeiture money judgment against the convicted defendants in an amount as is proved at trial in this matter representing the total amount of proceeds obtained as a result of each defendants offenses.

    THIS IS A TRUE BILL.

    *s/ Grand Jury Foreperson*
    Grand Jury Foreperson

MATTHEW SCHNEIDER
United States Attorney

*s/Steven P. Cares*
Steven P. Cares
Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
313-226-9139
Steven.Cares@usdoj.gov

*s/Mitra Jafary-Hariri*
Mitra Jafary-Hariri
Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
313-226-9632
mitra.jafary-hariri@usdoj.gov

*s/Julie Beck*
Julie Beck
Chief, Drug Task Force
Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
313-226-9717
Julie.Beck@usdoj.gov

*s/David Gardey*
David Gardey
Chief, Public Corruption Unit
Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
313-226-9591
David.Gardey@usdoj.gov

Dated: October 25, 2018

**(Companion Case information MUST be completed by AUSA and initialed.)**

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number<br>18-CR-20323 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

FILED USDC - CLRK DET
2018 OCT 25 PM 4:30

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: Hon. Sean F. Cox |
| ☐ Yes ☒ No | AUSA's Initials: SPC |

Case Title: USA v. Sedrick Jackson, et al.

County where offense occurred: Wayne

Check One: ☒ Felony ☐ Misdemeanor ☐ Petty

___ Indictment/_Information --- **no** prior complaint.
___ Indictment/_Information --- based upon prior complaint [Case number: ___ ]
_X_ Indictment/_Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

Superseding to Case No: 18-20323       Judge: Sean F. Cox

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Christopher Station | 18 USC Section 1001(a)(2)<br>False Statement to Federal Agent | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

**October 25, 2018**
Date

*[signature]*
STEVEN P. CARES
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9139
Fax: 313-226-3413
E-Mail address: Steven.Cares@usdoj.gov
Attorney Bar #: P68503

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.