UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States,

    Plaintiff,

v.                                                Case No. 18-20323

D-14 Christopher Staton,              Sean F. Cox
                                                      United States District Court Judge

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR A NEW TRIAL (ECF No. 290)

This matter is currently before the Court on Defendant Christopher Staton's motion for a judgment of acquittal or a new trial. (ECF No. 290). For the reasons below, the Court will deny Staton's motion.

## BACKGROUND

On September 17, 2019, a jury convicted Defendant Christopher Staton of one count of conspiracy to distribute and possess with intent to distribute at least 400 grams of a substance containing a detectable amount of fentanyl. (ECF No. 286). The jury acquitted Staton of two counts of making a false statement to a federal agent. *Id*.

On September 23, 2019, Staton filed a written motion for a judgment of acquittal, under Fed. R. Crim. P. 29, or a new trial, under Fed. R. Crim. P. 33. (ECF No. 290).[1] In his motion, Staton raises two main arguments. First, he argues that the Government presented insufficient evidence

---

[1] Staton originally made an oral Rule 29 motion at the close of the Government's proofs. The Court reserved its ruling on that motion and directed Staton to file a written motion. *See* Fed. R. Crim. P. 29(b); ECF No. 284.

to establish that he was part of a conspiracy to distribute narcotics because the Government did not show that any of Staton's actions provided "material assistance" to the conspirators during the charged time period. Second, he argues that the Court's pre-trial ruling that Staton had materially breached his proffer agreement by lying to an FBI agent and withholding information has become erroneous in light of the jury's acquittal verdicts on the false-statement counts.

**ANALYSIS**

In considering a motion for judgment of acquittal under Rule 29, this Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the elements of the crime beyond a reasonable doubt. *United States v. Abner,* 35 F.3d 251, 253 (6th Cir. 1994); *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 1979). In doing so, the Court does not weigh the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *Id.* The Sixth Circuit has explained that a defendant claiming insufficiency of the evidence "bears a very heavy burden." *Abner,* 35 F.3d at 253. On review, all evidence must be construed in a manner most favorable to the Government. Moreover, circumstantial evidence alone is sufficient to sustain a conviction. *Id.*

Rule 33 allows the Court, upon Defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." A Rule 33 motion "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence." *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2007). "Generally, such motions are granted only 'in the extraordinary circumstances where the evidence preponderates heavily against the verdict.'" *Id*. at 592-93 (quoting *United States v. Turner*, 490 F.Supp. 583, 593 (E.D. Mich. 1979)). "A district judge, in considering the weight of the evidence for purposes of adjudicating a motion for new trial,

may act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence." *Hughes*, 505 F.3d at 593 (citing *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998)). Courts also "widely agree[] that Rule 33's 'interest of justice' standard allows the grant of a new trial where substantial legal error has occurred." *See United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010).

Staton's first argument appears to rest on Rule 29's insufficient-evidence grounds and Rule 33's against-the-manifest-weight-of-the-evidence grounds, while his second argument appears to rest only on Rule 33's substantial-legal-error grounds.

## I. Evidence of Staton's Participation in the Conspiracy (Rules 29 and 33)

Having considered Staton's motion, and viewing all of the evidence presented at trial in the light most favorable to the prosecution, the Court concludes that a rational trier of fact could find the essential elements of the crime charged, beyond a reasonable doubt. Thus, a judgment of acquittal under Rule 29 is not appropriate. And, assessing the credibility of witnesses and the weight of the evidence, the Court concludes that this case is not one of the extraordinary circumstances where the evidence preponderates heavily against the verdict. Thus, a new trial under Rule 33 is not appropriate.

Staton's arguments to the contrary are unpersuasive. Staton attempts to shoehorn a "material assistance" element into the crime of conspiring to violate the drug laws of the United States. No such element exists. To sustain a conviction for drug conspiracy, the Government need only prove "(1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy." *United States v. Potter*, 927 F.3d 446, 453 (6th Cir. June 11, 2019) (quotations omitted). Even "proof of an overt act is not required." *Id*. (quoting *United States v. Shabani*, 513 U.S. 10, 17 (1994)). The Government provided ample evidence, including

wire-tap recordings of conversations between Staton and other members of the conspiracy, to satisfy all of the necessary elements and to support the jury's verdict.

Staton also argues that all of the evidence related to a "fake" traffic stop that Staton performed indicates that it took place "before the conspiracy was active." This argument ignores the language of the indictment, which described the date of the conspiracy's start as "an unknown date, but at least as early as 2012." (ECF No. 275, PageID 1134). The evidence indicated that the stop took place in either 2012 or 2013. The Court fails to see how this timeline is not consistent with the jury's verdict.

The Court concludes that Staton is not entitled to a judgment of acquittal or a new trial based on the evidence (or alleged lack thereof) presented by the Government.

## II.     Admission of Evidence Obtained During Proffer Sessions (Rule 33)

Before trial, the Court ruled that Staton's statements from pre-indictment proffer sessions were admissible in the Government's case-in-chief because he had materially breached the proffer agreement by making false statements to investigators and by withholding information. (ECF No. 280). Staton now argues that, when the jury acquitted him on the criminal charges related to lying to the FBI, it effectively overruled the Court's decision. He contends that he should receive a new trial on the drug conspiracy charge where evidence from the proffer sessions is excluded.

Staton's argument glosses over the fundamental differences between the Court's inquiry and the jury's inquiry. Most importantly, the standards are different. The jury was charged with deciding whether the Government had proven that Staton made a false statement to a federal agent *beyond a reasonable doubt*. In contrast, this Court's decision was governed by a lower standard. *See United States v. Fitch*, 964 F.2d 571, 574 (6th Cir. 1992) (acknowledging that the Government's

4

burden of proof to show a breach of a proffer agreement is governed by either the preponderance-of-the-evidence standard or the adequate-evidence standard). The Government's evidence fell short of the former standard, but satisfied the latter. Thus, the ostensibly contradicting conclusions of the Court and the jury are readily reconcilable and not actually inconsistent.

Moreover, the Court found that Staton's failure to disclose that he ran LEIN checks for the drug trafficking organization constituted an independent breach of the proffer agreement. (ECF No. 280, PageID 1179). The jury's acquittal verdict has no effect on this conclusion, which itself justified the Court's pre-trial ruling. The Court concludes that Staton has not identified any substantial legal error that requires a new trial.

## CONCLUSION

For the reasons above, the Court **DENIES** Staton's motion for a judgment of acquittal or a new trial.

**IT IS SO ORDERED**.

                                                    s/Sean F. Cox
                                                    Sean F. Cox
                                                    United States District Judge

Dated: October 29, 2019