UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

                                    Criminal Case No. 18-20323
v.                                          Civil Case No. 24-11130

CHRISTOPHER STATON,           Sean F. Cox
                                                      United States District Court Judge

    Defendant/Petitioner.
_____/

**OPINION & ORDER**
**GRANTING GOVERNMENT'S**
**MOTION TO DISMISS SECTION 2255 MOTION AS UNTIMELY**

"Former Detroit Police Officer Christopher Staton used his position as an officer and his access to sensitive law enforcement information to aid his childhood friend's multi-million-dollar drug enterprise.[1] His ties to the enterprise were eventually revealed," and the jury in Criminal Case Number 18-20323 "found him guilty of conspiracy to distribute controlled substances." *United States v. Staton,* 850 F. App'x 361 (6th Cir. 2021). Staton's conviction and sentence were affirmed on direct appeal in March of 2021. More than three years later, Staton filed a *pro se* Motion to Vacate, pursuant to 28 U.S.C. § 2255. The Government responded by filing a motion to dismiss Staton's § 2255 petition as untimely. For the reasons set forth below, the Court GRANTS the Government's Motion to Dismiss and dismisses Stanton's § 2255 Motion as untimely.

---

[1] "Staton grew up with Meltwaine Dukes," a Co-Defendant in this case, who was "the leader" of the drug enterprise at issue. *United States v. Staton, supra*.

## BACKGROUND

In Criminal Case Number 18-20323, Defendant Christopher Staton ("Staton") was charged with various criminal offenses, along with several Co-Defendants.

Staton was first represented by attorney Todd Perkins. On August 20, 2019, however, attorney Sanford Schulman replaced Perkins as counsel for Staton.

Unlike his Co-Defendants, Staton ultimately proceeded to a jury trial. That jury trial began on September 11, 2019. "The jury convicted Staton on Count One – conspiracy to distribute and possess with intent to distribute at least 400 grams of a substance containing a detectable amount of fentanyl – but acquitted him on Counts Two and Three – making false statements to federal agents." *United States v. Staton,* 850 F. App'x 361 (6th Cir. 2021).

The Presentence Investigation Report for Stanton described the sentences that had been imposed on Staton's Co-Defendants in this case, including the sentence this Court imposed on Meltwaine Dukes – the leader of the drug enterprise at issue in this case. (*See* PSR at 4-5).

This Court sentenced Staton on February 12, 2020. At the sentencing hearing, this Court confirmed that defense counsel had reviewed the presentence report with Staton:

| | |
|---|---|
| THE COURT: | Good afternoon. Please have a seat. Mr. Schulman, have you had the opportunity to review the presentence report with your client? |
| MR. SCHULMAN: | Yes, Your Honor. We acknowledge receipt of the presentence investigation report and I have gone over it with Mr. Staton in detail. |

(ECF No. 358 at PageID.2615). Staton confirmed that too:

| | |
|---|---|
| THE COURT: | Mr. Staton, have you had the opportunity to review the presentence report with Mr. Schulman? |
| DEFENDANT STATON: | Yes, sir. |

. . . .

> THE COURT: And you have reviewed the presentence report prior to today? Is that correct, sir?
> DEFENDANT STATON: Yes, sir.

(*Id.* at PageID.2622 & 2624). This Court noted, on the record, that it had carefully considered all of the sentences of Staton's Co-Defendants, so as to avoid sentencing disparities. (*Id.* at PageID.2647-48). Moreover, this Court expressly discussed – in open court at Staton's sentencing hearing – the sentences that it imposed on Staton's Co-Defendants:

> I've also considered the sentences of your codefendants so as to avoid unwarranted sentencing disparities.
> So Jackson's guidelines were 168 to 210, significantly less than yours, and he got 144 months.
> Harris got 48 months, guideline range of 120. All these individuals pled guilty and were forthcoming with the government.
> Clemmons got 90 months, guideline 120.
> Garcia-Lopez, 120 months, guidelines 169 to 210.
> Galvez, a totally different situation, totally a m[ule], sentenced to one-day time served through supervised release, but her guidelines were only 12 to 18 months.
> ***Dukes was forthcoming. His guideline range was 188 to 235. He received 70 months.***
> Shephard, guidelines 70 to 87 months. He was sentenced to 56 months.
> ***Perdue, 180 months. His guidelines were sort of like your guidelines, 262 to 327.***
> And of course, the leader in Arizona has not been caught. Adriano Galvez, nor his associate, Pulido.
> Christopher Gaytan, guidelines 70 to 87 months, received 57 months.
> Monica Jackson, who was just used by her husband, guideline range 24 to 27 months. One day time served.
> So I have carefully considered all of the sentences of the codefendants.

(*Id.* at PageID.2646-48) (emphasis added).

In imposing Staton's sentence, this Court explained that, unlike his Co-Defendants, Staton was a police officer and abused the public trust by using his "position as a police officer with the Detroit Police Department to assist this drug trafficking organization. For instance, [Staton] provided Dukes with sensitive law enforcement information, including information

3

about the arrest of Harris on June 6, 2017 when he was transferring significant amounts of drugs, heroin, fentanyl, from Detroit to Ohio." (ECF No. 358 at PageID.2641-42).

For Staton, this Court ultimately imposed "a sentence of 216 months' imprisonment, below the Guidelines range of 235 to 293 months." *United States v. Staton, supra*, at 366.

Staton filed a direct appeal. On March 19, 2021, the United States Court of Appeals for the Sixth Circuit rejected Staton's challenges and affirmed his conviction and sentence. *Id.*

Staton did not file a petition for certiorari in the United States Supreme Court.

On April 29, 2024, Staton filed a *pro se* Motion to Vacate Sentence under 28 U.S.C. § 2255, using a form order to do so. (ECF No. 529). In it, Staton seeks to raise fourteen separate grounds for relief. (*Id*. at PageID.5061-62). The first thirteen grounds for relief assert ineffective-assistance-of counsel claims. The fourteenth ground for relief is stated as follows:

> GROUND FOURTEEN: Disparity in Sentencing amongst co-defendants, specifically the difference of one hundred forty six months between the leaders in the indictment and the Movant
> A.) Co-defendants deemed "top row" in the hierarchy of the indictment were sentenced to significantly less time compared to the Movant, who was labeled a "bottom row" conspirator.
> B.) The new fact learned by the Movant, in the course of his due diligence, in which he learned that the leaders in his indictment have already completed their sentence because they were sentenced to significantly less time.
> C.) The sentencing disparity between the leaders and the Movant equate [sic] to a "miscarriage of justice."

(*Id*. at PageID.5062). Staton did not file a brief in support of his § 2255 Motion.

Thereafter, the Government filed a Motion to Dismiss Staton's § 2255 Motion as untimely. (ECF No. 535).

In responding to the Government's motion, Staton notes that his conviction and sentence

were affirmed on March 19, 2021, and acknowledges that his appellate attorney advised him that he only "had 12 months to file a motion pursuant to 28 U.S.C. 2255." (ECF No. 541 at PageID.5101). He also acknowledges that the statute of limitations expired before he filed his § 2255 Motion. (*Id.*). Staton also acknowledges that the sentences of his Co-Defendants were listed in his Presentence Investigation Report, but asserts that he did not have a copy of the PSR with him while serving his prison sentence. (*Id.*).

## ANALYSIS

"Deadlines matter, especially in habeas cases." *Simmons v. United States*, 974 F.3d 791, 793 (6th Cir. 2020). "Under Section 2255(f), the limitation period for moving to vacate begins to run on the latest of four dates. 28 U.S.C. § 2255(f). Subsection one usually governs, meaning" that Staton "had one year after his conviction became final to file his motion to vacate." *Id.*

The Government's motion explains that Staton's § 2255 Motion was filed more than one year after his conviction became final:

> As noted above, Staton's appeal was filed on March 29, 2021. He had 90 days from that date to petition for a writ of certiorari. *See* SUP. C T. R. 13.1. He did not. Staton's appeal therefore became final 90 days after the Sixth Circuit order, or on June 17, 2021. *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012) (conviction becomes final when the time for filing a certiorari petition expires). Thus, his one-year limitations period ran on June 17, 2022. His motion was filed almost two years after this deadline—on April 29, 2024.

Govt.'s Br. at 4).

Notably, Staton admits that his habeas petition was filed more than a year after his conviction became final but attempts to rely on Section 2255(f)(4). Under that provision, the one-year period of limitation begins on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.

5

§ 2255(f)(4).

The standard that applies to Section 225(f)(4) "'does not require the maximum feasible diligence, only due, or reasonable, diligence.'" *Jefferson v. United States*, 703 F.3d 537, 544 (6th Cir. 2013) (quoting *DiCenzi v. Rose*, 452 F.3d 465, 470 (6th Cir. 2006)).

Staton bears the burden of proving that he exercised due diligence. *Jefferson v. United States,* 703 F.3d at 544.

Staton has failed to meet that burden.

Staton claims that the facts relating to his fourteenth ground for relief (disparity in sentences among Staton and his Co-Defendants) are "new facts," that Staton "just recently learned." (ECF No. 529 at PageID.5058; *see also* ECF No. 541, asserting that "[i]n March of 2024" Staton "received information" about the sentence that had been imposed on his "co-defendant Meltwaine Duke who was labeled as a top level participant," and then Staton "attempted to locate the sentences" that had been imposed on other co-defendants in the case). Those alleged "newly learned facts," are that Staton's Co-Defendants (and Dukes in particular) received lesser sentences than Staton received. (*Id.*). Staton does not claim (and has not shown) that the facts relating to any of his other grounds for relief (grounds one through thirteen) were newly discovered. (*Id.*).

The "newly discovered facts," that Staton's Co-Defendants received lesser sentences than Staton received were actually known to Staton at the time of his sentencing – back on February 12, 2020. Staton's Presentence Investigation Report, that Staton confirmed he had reviewed with his attorney prior to sentencing, expressly listed the sentences that had been imposed on Staton's Co-Defendants in this case. *In addition, this Court reviewed those sentences on the*

6

*record in open court during Staton's sentencing.* Thus, Staton had actual knowledge of those facts and could have filed a § 2255 Motion asserting his sentencing-disparity ground for relief within one year of his conviction becoming final. Staton simply failed to do so.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the Government's Motion to Dismiss is GRANTED and Staton's § 2255 Motion is DISMISSED WITH PREJUDICE AS UNTIMELY.

IT IS SO ORDERED.

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: August 7, 2024

I hereby certify that a copy of the foregoing document was served upon counsel and/or parties of record on August 7, 2024, by electronic and/or ordinary mail.

                                                  s/J. McCoy
                                                  Case Manager